IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 03-cv-01575-REB-OES


HERBERT J. EAGLE THUNDER,

Plaintiff,

v.

JASON E. GUNJA, et al.,

Defendants.

---

## RECOMMENDATION and ORDER

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

By Order of Reference issued in this matter by the Honorable Robert E. Blackburn on September 2, 2004, I have been designated as the United States Magistrate Judge to conduct proceedings in this matter pursuant to 28 U.S.C. § 636(b)(1) (A) &(B) and Fed.R.Civ.P. 72(a)&(b).  Before me for preparation of a recommendation, under the provisions of 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b),  are a Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(1) and a Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6), both filed on October 20, 2004, by defendants Gunja, Rios, Polland, Gard, Grooters, Johnson, and Mendez ("defendants").  Defendant Lepert, who has retired from government service, has not yet been served.  See Docket #35.

Plaintiff has filed his responses to both motions, and the defendants have filed a Reply In Support Of Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6).  Because the defendants filed their reply one day past the deadline set by the court, the plaintiff has

requested that the reply be stricken.  The issue of whether to strike the reply is before me for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a).

## BACKGROUND

Plaintiff is a federal prisoner in the custody of the United States Bureau of Prisons ("BOP") and during times relevant to this lawsuit, was incarcerated at USP Florence.  On August 5, 2003, plaintiff submitted to this court an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241.  The Application was reviewed, and it was determined that the claims raised were more appropriately asserted in a Complaint brought under Bivens v. Six Unknown Named Agents of Fed.Bureau of Narcotics, 403 U.S. 388 (1971).  On October 27, 2003, plaintiff was directed to file a Complaint and a proper motion and affidavit to demonstrate his status as an indigent.

After several attempts, plaintiff filed a Complaint, and a motion and affidavit concerning his indigency, on February 27, 2004.  He paid his initial partial filing fee on April 12, 2004.  Upon review of the Complaint, under 28 U.S.C. § 1915A, plaintiff was directed to amend the Complaint to allege personal participation and to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.  On June 18, 2004, plaintiff filed an Amended Complaint.

In the amended pleading, plaintiff designates three claims.  First, he alleges that he has been denied ordered medical treatment in violation of his Eighth Amendment rights. Second, plaintiff claims that he has been denied his First Amendment rights to free exercise of religion.  Third, he contends that he has been placed in administrative segregation for over four years and subject to unconstitutional living conditions during this

2

time.  He further asserts that defendants have denied him his First Amendment rights to access to the grievance procedures, which he claims has resulted in his inability to exhaust his administrative remedies, and he raises allegations of due process violations. As relief, plaintiff requests that he be given doctor recommended eye surgery, access to religious meals and cultural and religious products and the ability to commemorate spiritual events and holidays, a transfer to a lower security facility, dismissal of falsified disciplinary reports, and compensatory monetary damages.

Defendants have filed a Motion To Dismiss Pursuant To Fed. R.Civ.P. 12(b)(1), arguing that sovereign immunity bars any constitutional claims against them in their official capacities, that the Fourteenth Amendment is not applicable to federal governmental action, and that plaintiff's transfer from USP Florence renders his second claim moot.  In their Motion To Dismiss made under Fed.R.Civ.P. 12(b)(6), the defendants contend that plaintiff has failed to exhaust his administrative remedies with regard to the claims he presents in this lawsuit, that the defendants are entitled to qualified immunity, that plaintiff has failed to allege a physical injury which would allow him to recover compensatory damages under 42 U.S.C. § 1997e(e), that plaintiff has failed to allege facts showing the defendants had personal involvement in the alleged actions that violated his constitutional rights, that there can be no Fourteenth Amendment claim made against federal actors, that plaintiff has failed to state a claim upon which relief can be granted under any of the three claims set forth in his Amended Complaint, and that Heck v. Humphrey, 427 U.S. 477 (1994), bars his request for expungement of the incident reports against him.

In cursory fashion, the plaintiff has countered the defendants' arguments in a single

response filed with regard to both of defendants' motions, contending that he has already shown the court that he has exhausted his administrative remedies, that the defendants are not entitled to qualified immunity because they went outside of their official discretionary functions, that he has shown personal involvement of all of the defendants, and that since his Amended Complaint has nothing to do with his conviction, <u>Heck</u> is not applicable.  Plaintiff also appears to contend that none of his claims are moot based on his transfer out of USP Florence, because he is still in the custody of the BOP.  He claims that Mr. Wiley and Captain Ortega at USP Florence are also implicated in this lawsuit, and "leaves it up to this Honorable Courts (sic) discretion" if they should be added as defendants.

By Minute Order, dated December 15, 2004, the deadline for the filing of a reply by the defendants was set for December 22, 2004.  Defendants filed their reply on December 23, 2004, and plaintiff has requested that the reply be stricken because of the untimely filing.  Defendants represent that the late filing occurred because of an oversight in the docketing process in the office of the United States Attorney, and point out that the plaintiff did not make an effort to confer with opposing counsel prior to the filing of his motion to strike, as required by Local Rules.

<u>DISCUSSION</u>

**I.     PLAINTIFF'S MOTION FOR EXCLUSION.**

Plaintiff has requested that the court strike the defendants' Reply In Support Of Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6), because it was filed one day late. However, the plaintiff has failed to confer with opposing counsel prior to the filing of this

4

motion, in violation of D.C.COLO.LCivR 7.1(A), and the defendants have demonstrated cause for the delay in filing.  Accordingly, the plaintiff's request will be denied.

## II.   DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1).

### A.   Standard Of Review.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).  However, "[a] 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987); see, also, Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1)).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### B.   Claims Against The Defendants In Their Official Capacities.

Defendants correctly argue that plaintiff's constitutional claims for damages against them in their official capacities are barred by sovereign immunity absent express statutory consent authorizing such relief.  FDIC v. Meyer, 510 U.S. 471, 485 (1994) ("[T]he purpose

of Bivens is to deter the officer . . . if we were to imply a damages action directly against federal agencies, . . . there would be no reason for aggrieved parties to bring damages actions against individual officers. . . [T]he deterrent effects of the Bivens remedy would be lost."); Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity.").

Plaintiff has not provided the court with any express or implied statutory language under which the United States has consented to be sued for the constitutional violations asserted by him. It is therefore recommended that the plaintiff's claims for damages against any of the defendants in their official capacities be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff also seeks injunctive relief, such as a directive that reconstructive eye surgery be performed under Claim One, a directive concerning Native American religious meals, commissary sales and commemoration of spiritual events and holidays under Claim Two, and dismissal of allegedly falsified disciplinary incident reports, immediate transfer of plaintiff to a different facility, provision of psychiatric services to the plaintiff after his release from incarceration, and requirement that all BOP facilities follow regulations and policy statements under Claim Three.  Anytime a suit is brought against a federal officer in which the relief that is sought is injunctive, there is a concern that the compulsion the court is asked to impose is actually compulsion against the sovereign.  "If it is, then the suit is barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction."  Larson v. Domestic & Foreign Commerce Corp., 337 U.S.

682, 687 (1949).  Accordingly, the issue is whether the injunctive relief sought by the plaintiff would result in compulsion against the government.  If it is, then this court lacks jurisdiction to hear the claim and it must be dismissed.

The BOP has the authority to designate the place of plaintiff's imprisonment, <u>see</u> 18 U.S.C. § 3621(b), and prison officials retain broad discretion over the assignment and issues concerning the housing of inmates, <u>see</u> <u>Matter of Gee</u>, 815 F.2d 41 (7th Cir. 1987); <u>Twyman v. Crisp</u>, 584 F.2d 352, 356-57 (10th Cir. 1978).  The decision regarding any transfer is the province of the Regional Director of the BOP.  <u>See</u> 28 C.F.R. § 541.23(d).  By their very nature, the requests for injunctive relief made by the plaintiff under his claims, if granted, would result in directives to the BOP to perform the actions or activities requested by the plaintiff because no named defendant could provide any such relief in their individual capacity particularly now that he has been transferred to another facility.  Therefore, by requesting that this court constrain the authority of the BOP under the injunctive relief he seeks, the plaintiff is, in substance, requesting injunctive relief against the government.  This court has no jurisdiction to hear such a claim, and therefore, plaintiff's claim for the injunctive relief, as made against the defendants in their official capacities, must also be dismissed pursuant to Rule 12(b)(1).

### C.    Mootness of Claim Two.

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot – i.e. where the controversy is no longer live and ongoing." <u>Cox v. Phelps Dodge Corp.</u> 43 F.3d 1345, 1348 (10th Cir. 1994).  A claim will be "deemed moot

unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotations omitted).

Plaintiff's second claim against any or all defendants in their individual capacities uniformly pertains to an alleged violation of his constitutional rights at USP Florence, where the plaintiff is no longer incarcerated.  An award of injunctive relief to remedy alleged inadequate conditions and constitutional violations at USP Florence would have no effect on defendants' behavior towards the plaintiff where he is currently incarcerated. Plaintiff has not alleged facts indicating that he will be transferred back to USP Florence at some date in the future.  Id. at 1217 (the hypothetical possibility that an inmate may be returned to the same prison cannot "save an otherwise moot claim for prospective injunctive relief relating to prison conditions").

The fact is that a party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated.  Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991).  Plaintiff is no longer housed at USP Florence, and is no longer in contact with any of the defendants named in his allegations of religious discrimination under Claim Two.  Under these circumstances, the award of injunctive relief in this regard would have no effect on the defendants' behavior towards him.  See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's transfer moots his request for injunctive relief in the facility from which he was transferred); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) (prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison

unit); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir.1984) (holding that a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail"); *cf.* White v. State of Colorado, 82 F.3d 364, 366 (10th Cir.1996) (holding that inmate plaintiff's claims for injunctive relief regarding conditions of confinement were mooted by his release on parole).  Further, there are no facts in the record to suggest that plaintiff's transfer was made for the purpose of evading the jurisdiction of this court.  See McKinnon, 745 F.2d at 1363.

### D.   Conclusion.

This court lacks jurisdiction over all plaintiff's claims as made against any and all defendants in their official capacities, and also lacks jurisdiction over plaintiff's Claim Two as made against any and all defendants in their individual capacities.  Accordingly, the defendants' motion should be granted and dismissal awarded in this regard.

### III.   DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6).

### A.   Standard Of Review.

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating whether a dismissal under 12(b)(6) is appropriate, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff

will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *(overruled on other grounds by* Harlow v.

Fitzgerald, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state each element

of his claim precisely, he must plead minimal factual allegations on those material

elements that must be proved.  See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991).  Conclusory allegations without supporting facts are insufficient to

state a claim on which relief can be based, and the court may not construct a legal theory

for the plaintiff that assumes facts which have not been pled.  See Dunn v. White, 880 F.2d

1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); see, also, Hall, 935 F.2d

at 1109-10, 1113 (finding mere words insufficient to state a claim without facts to support

allegations of deliberate conduct).

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less

stringent standard than is applicable to pleadings filed by lawyers. [The] court, however,

will not supply additional factual allegations to round out a plaintiff's complaint or construct

a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th

Cir. 1997) (quotations and citations omitted); see, also, Haines v. Kerner, 404 U.S. 519,

520-21 (1972) (when a plaintiff is proceeding without counsel, the court must construe his

pleadings and other filings liberally); Hall, 935 F.2d at 1110.

### B.    Failure To Exhaust Administrative Remedies.

Defendants argue that plaintiff has failed to exhaust his administrative remedies

with regard to claims he seeks to bring against them.   The Tenth Circuit has determined

that the exhaustion provisions of 42 U.S.C. § 1997e(a) are not jurisdictional.  See Steele,

355 F.3d at 1208-09. The appellate court has declared that a complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Id. at 1210 (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)). In this circuit, the exhaustion requirement is not an affirmative defense, but instead, must be sufficiently pled and/or documented by an inmate in his Complaint and failure to do so is the same as failing to state a claim upon which relief may be granted. Steele, 355 F.3d at 1209-10. Accordingly, Rule 12(b)(6) governs review of the issue of exhaustion, and the plaintiff must sufficiently plead or document the exhaustion of his administrative remedies with regard to any claims he seeks to bring before this court.

Generally, when viewing a Rule 12(b)(6) motion, the court may not consider evidence outside the pleadings unless it converts the motion to one for summary judgment under Fed.R.Civ.P. 56, with notice to the parties. See Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995). However, documents referred to in a complaint and central to its claims are not considered to be outside the pleadings. See Prager v. LaFaver, 180 F.3d 1185, 1188-89 (10th Cir. 1999). The court is not required to consider them, but may do so in its discretion. Id. In this case, the issue of exhaustion is central to the claims presented by the plaintiff, and therefore, it is appropriate that the court consider any relevant documentation or information provided outside of the pleadings without converting the motion to one for summary judgment.

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which covers claims brought "with respect to prison conditions under section 1983 of this title,

or any other federal law, by a prisoner confined in jail, prison, or other correctional facility."
See 42 U.S.C. § 1997e(a) (emphasis added).  This exhaustion requirement is mandatory.
See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be
exhausted; those remedies need not meet federal standards, nor must they be plain,
speedy, and effective.").  The Supreme Court has stated: "[W]e stress the point . . . that
we will not read futility or other exceptions into [the PLRA's] statutory exhaustion
requirement."  Booth v. Churner, 532 U.S. 731, 741, n. 6 (2001).

The Bureau of Prisons ("BOP") has essentially a four-tiered administrative
procedure for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.*  The first
step is informal resolution with the prison's staff.  28 C.F.R. § 542.13.  The next step is a
written Administrative Remedy Request to the Warden.  28 C.F.R. § 542.14.  If the inmate
feels the response is unsatisfactory, within 20 calendar days of the date the Warden
signed the response, the inmate may then appeal the complaint to the Regional Director.
28 C.F.R. § 542.15(a).  If dissatisfied with the Regional Director's response, within 30
calendar days of the date the Regional Director signed the response, the inmate may then
appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in
Washington, D.C.  Id.  Extensions for the filing of appeals may be granted upon
demonstration of a valid reason for delay.  Id.  Generally, an inmate has not exhausted his
remedies until he has sought review at all levels.  Id.  However, "[i]f the inmate reasonably
believes the issue is sensitive and the inmate's safety or well-being would be placed in
danger if the Request became known at the institution, the inmate may submit the Request
directly to the appropriate Regional Director."  28 C.F.R. § 542.14.

Under the provisions of § 1997e(a), plaintiff is required to exhaust administrative procedures that are made "available" to him.  As noted previously, plaintiff at one point contended that his attempts to exhaust his administrative remedies were "thwarted."   In an unpublished decision, the Tenth Circuit has found that under the plain meaning of the term "available," a prisoner must exhaust those procedures that he is reasonably capable of exhausting.  Hoover v. West, 2004 WL 309338 (10th Cir. 2004) (citing Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998)).  The court also must take into consideration any allegations that the prison frustrated or prevented an inmate from utilizing the grievance procedure by, for example, failing to provide him with the required forms.  See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (holding district court erred in failing to consider prisoner's claim that he was unable to file a grievance, and therefore lacked available

administrative remedies, because prison officials refused to provide him with the necessary grievance forms); see, also, Yousef v. Reno, 254 F.3d 1214, 1222 (10th Cir. 2001).

In this case, plaintiff has presented well-pled facts or facts from which it can be inferred to demonstrate that the prison has frustrated or prevented him from utilizing the grievance procedure.  See Docket #30.  If plaintiff's version of the facts is true, which the court must assume solely for purposes of this motion, he likely could establish that administrative remedy procedures where not "available" to him.  Plaintiff's version of the facts provides a sufficient basis under Rule 12(b)(6) standards to overcome a dismissal

at this time.   Accordingly, the defendants' Motion To Dismiss in this regard should be denied.

### C.   Relief Requested.

#### 1.   Compensatory Damages.

Under Claim One of his Amended Complaint, plaintiff seeks $250,000 in damages for the "unnecessary pain and suffering, and mental anguish for the 13 years the plaintiff has been denied this surgery." See Docket #31, p. 8.  Claim Three requests $350,000 "for psychological and mental anguish" and "physical abuse." Id. at p. 8(a).

Plaintiff's claims are governed by the PLRA which provides, in pertinent part,"no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  By its plain language, § 1997e(e) requires a prisoner to allege a physical injury to bring a claim for "mental or emotional injury."  The Tenth Circuit has held that this requirement clearly applies to claims for compensatory damages, but does not affect claims for nominal damages[1], punitive damages, and declaratory or injunctive relief.  See Searles v. Van Bebber, 251 F.3d 869, 879-81 (10th Cir. 2001) (nominal and punitive damages); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 808 (10th Cir. 1999).  Plaintiff does not request either nominal or punitive damages in his pleadings.

Under his first claim, alleging a denial of adequate medical treatment or care,

---

[1]In Colorado, as a matter of law, nominal damages are one dollar.  Colo. Inv. Servs., Inc. v. Hager, 685 P.2d 1371, 1375 (Colo.Ct.App. 1984).

plaintiff contends that his medical condition has gotten worse as a result of the lack of further surgery and the denial of eye glasses.  For purposes of Rule 12(b)(6), plaintiff has sufficiently pled the requisite physical injury necessary to proceed with a claim for compensatory damages in this regard.  However, concerning plaintiff's other claims, he has demonstrated no well-pled facts or facts from which it can be inferred to sustain his request for compensatory damages.  Even allegations of *de minimus* physical injuries (i.e., bruises, headaches, etc.) would not rise to the level of injury required to proceed under § 1997e(e). See Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Accordingly, except for plaintiff's claim for compensatory damages made under his medical treatment claim set forth in Claim One, plaintiff's request for compensatory damages should be dismissed.

## 2.  Dismissal of Disciplinary Incident Reports.

Under Heck v. Humphrey, 512 U.S. 477 (1994), inmates cannot bring a claim pursuant to § 1983 that, if successful, would necessarily imply the invalidity of a conviction that has not been overturned, see 512 U.S. at 489-90, and this bar applies to prison disciplinary convictions as well.  See Edwards v. Balisok, 520 U.S. 641 (1997).  Heck, however, does not apply when the § 1983 claim could not implicate the fact or duration of confinement.  Id. at 645-46.  Case law under 42 U.S.C. § 1983 is applicable to Bivens actions.  See Butz v. Economou, 438 U.S. 478, 504 (1978).

Plaintiff's alleges that the disciplinary incident reports which he seeks to dismiss are false.  Such an allegation, if proven, necessarily implies the invalidity of his disciplinary

convictions under those reports.  Therefore, any relief in this regard is precluded, as there is no well-pled facts to demonstrate that plaintiff's disciplinary convictions have been invalidated or that a dismissal of the incident reports would offer no consequence for his disciplinary convictions or the duration of his sentence.  Dismissal of this claim for relief under Rule 12(b)(6) Fed.R.Civ.P. is therefore warranted.

### D.      Personal Involvement of the Defendants.

Defendants next move to dismiss plaintiff's <u>Bivens</u> claims against the defendants, and in particular defendant Polland, based on plaintiff's failure to allege personal participation in any alleged constitutional violation.  <u>See Steele</u>. 255 F.3d at 1214 (plaintiff must allege direct, personal participation on behalf of individual defendant in order to establish <u>Bivens</u> liability).

With regard to defendant Polland, plaintiff has alleged that he is the Medical Director of USP Florence, and that it was his job to follow procedure and provide the plaintiff with proper medical care.  It is well established that the doctrine of *respondeat superior* cannot support liability under <u>Bivens</u>.  <u>See Kite v. Kelley</u>, 546 F.2d 334, 337 (10th Cir. 1976); <u>see</u>, <u>also</u>, <u>Kaiser v. Lief</u>, 874 F.2d 732, 736 (10th Cir. 1989) (holding doctrine of *respondeat superior* does not apply to "an officer who has no affirmative link with the constitutional violation").  To hold defendant Polland liable, the plaintiff must allege facts showing an affirmative link exists between the alleged constitutional deprivation and defendant Polland's "personal participation, his exercise of control or direction, or his failure to supervise."  <u>See Ledbetter v. City of Topeka</u>, 318 F.3d 1183, 1187 (10th Cir. 2003).  Plaintiff alleges that he made defendant Polland aware of the situation through

16

several inmate request forms, and that a recommendation for the necessary eye surgery was made by Optometrist Steven Clough to defendant Polland. The factual allegations alleged by the plaintiff are taken as true solely for the purposes of this motion and are sufficient to overcome a Rule 12(b)(6) dismissal in this regard.

The defendants as a whole argue that plaintiff has failed to plead with specificity their personal involvement in the alleged constitutional violations. However, plaintiff has not simply made general or conclusory allegations. In his amended pleading and concomitant response to the show cause order, he details dates and actions concerning each defendant which the court must accept as true for purposes of this motion. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991) (on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pled factual allegations). Accordingly, defendants' request for dismissal on these grounds should be denied.

### E.    Remaining Claims Against the Defendants.

Plaintiff's Claim Two, as it alleges a violation of his First Amendment rights to free exercise of religion, should be dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1), as set forth above. With regard to his remaining claims, I do hereby find and recommend as follows:

### 1.    Alleged Due Process Violations.

Under each of his three designated claims, plaintiff contends that the defendants have violated his right to Due Process by failing to follow grievance procedures. In Claim

Three, plaintiff also contends that the defendants have held him in administrative segregation without due process of law. In each of the claims, he alleges that the defendants have violated his Fourteenth Amendment rights. Because plaintiff's claims are directed at federal employees, the Fifth Amendment, rather than the Fourteenth Amendment, applies in determining plaintiff's due process claims. See Berry v. City of Muskogee, 900 F.2d 1489, 1492 n.2 (10th Cir. 1990) (Fifth Amendment protects against deprivations of life, liberty or property by federal government). Based on plaintiff's *pro se* status, the allegations of a violation of his Fourteenth Amendment due process rights in his Amended Complaint would be, instead, construed as Fifth Amendment due process claims.

Due process analysis is the same under both the Fifth and Fourteenth Amendments. See Bolling v. Sharpe, 347 U.S. 497 (1954). Due process questions are examined in two steps. First, it must be determined whether the government has interfered with a liberty or property interest. Second, if the government has interfered with such an interest, it must be determined whether the procedures which led to the deprivation were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972) (applying 14th Amendment); Hewitt v. Helms, 459 U.S. 460, 472 (1983). In making this

inquiry, case law under 42 U.S.C. § 1983 is applicable to Bivens actions. See Butz, 438 U.S. at 504.

**i.      Alleged Failure to Follow Grievance Procedures.**

Prison inmates do not have a constitutionally protected right to a grievance procedure.  See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure.").  "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by" the Constitution.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).  "Process is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."  Olim v. Wakinekona, 461 U.S. 238, 250 (1983).

Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable.  See Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994); see, also, Olim, 461 U.S. at 250 (due process claim lacks merit when no deprivation of a substantive right has not been alleged).  Further, plaintiff's right to petition the government for redress is the right of access to the courts, a right that is not compromised by the prison's refusal to entertain a grievance.  Flick, 932 F.2d at 729.  Accordingly, plaintiff's claims regarding the alleged failure to follow grievance procedures should be dismissed.

### ii.    Placement in Administrative Segregation.

The United States Supreme Court has held that prison inmates do not have a liberty interest in a certain prison classification arising from the Due Process Clause itself. Hewitt, 459 U.S. at 468.  "[T]ransfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Id. at 467.  Under the Due Process Clause itself, plaintiff did not have a right to some level of due process before he was transferred to the more restrictive conditions.

Plaintiff alleges that prison officials have violated and circumvented its own policy statements and operating procedures in holding him in segregation.  To the extent plaintiff's Amended Complaint might be read to assert a claim based on a violation of the regulations he references, they do not create a constitutional right to a certain level of due process of law.  A Bivens action "must be founded upon a violation of constitutional rights," Arcoren v. Peters, 829 F.2d 671, 676 (8th Cir. 1987), and "a failure to adhere to administrative regulations does not equate to a constitutional violation," Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993).

In Sandin v. Connor, the Supreme Court held that regulatory language does not create a liberty interest unless the language regulates the imposition of "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." 515 U.S. 472, 485-86 (1995).  Although the conditions in segregation are likely more restrictive and austere than those which might be enjoyed by the plaintiff elsewhere, these conditions are within "the range of confinement to be normally expected for one serving" a federal prison

sentence.  Id. at 487.  While plaintiff cites reasons why he believes that administrative detention is not as agreeable as regular prison quarters, he has cited nothing which demonstrates a significant hardship.  Plaintiff's placement in segregation did not affect a constitutionally protected liberty interest, and he had no right to any level of due process before he was placed or maintained there.

### iii.    Conclusion.

The defendants' Motion to Dismiss should be granted as to plaintiff's due process claim.

### 2.    Alleged Eighth Amendment Violations.

### i.    Claim One - Medical Claim.

Plaintiff alleges that defendant Polland has denied him eye surgery and necessary eye glasses in violation of his constitutional rights.  "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." Sealock v. Colo., 218 F.3d 1205, 1209 (10th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 102 (1976)).  Prison officials act with deliberate indifference to an inmate's health if they know that he faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.  Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Indifference may be demonstrated by showing that prison officials intentionally denied, delayed access to, or interfered with an inmate's necessary medical care.  Estelle, 429 U.S. at 104-05.  Therefore, an inmate must show more than negligent or inadvertent failure to provide adequate medical care.  Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993).

21

Further, a prisoner's difference of opinion regarding medical treatment he has received will not support a claim of cruel and unusual punishment.  Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

Plaintiff's claim against defendant Polland is mostly conclusory.  He does not allege facts to demonstrate that the eye surgery was prescribed as necessary, or why it should have been considered necessary medical treatment.  Plaintiff indicates that the surgery was "recommended" by Dr. Steven Clough, see AMENDED COMPLAINT, Docket #31, p. 4, and the actual recommendation by Dr. Clough, contained within his diagnosis, is "possible eyelid reconstruction in future to help w/ extropian," Id. at Exh. A (emphasis added).

With regard to the eye glasses, the plaintiff fails to allege that the eyeglasses were a serious medical need of which defendant Polland was aware.  With regard to both the surgery and the eyeglasses, the Amended Complaint further fails to reflect the level of deliberate indifference on the part of defendant Polland necessary to show an Eighth Amendment violation because there are no well-pled facts or facts from which it could be inferred that defendant Polland acted with a sufficiently culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294 (1991); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991).  Facts alleged in the plaintiff's pleadings demonstrate no more than negligence or a mere disagreement with treatment prescribed.

I am aware that dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts

22

alleged, and allowing him an opportunity to amend his complaint would be futile.'" <u>Curley</u> <u>v. Perry</u>, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting* <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (additional quotation marks omitted).   In this instance, allowing the plaintiff opportunity to again amend his complaint in this regard is not warranted.   The pleadings of the plaintiff establish that eye surgery was only recommended and also demonstrates that Dr. Clough's recommendation indicated that the plaintiff would get his eyeglasses "outside [the] BOP," <u>see</u> COMPLAINT, Docket #31, Exh. A.   Additionally, following the filing of a dispositive motion which challenges a plaintiff's claims, the court must be cautious in considering additional facts or legal theories especially when the plaintiff is on notice that the allegations in the complaint are in some way deficient.  <u>See</u>, <u>generally</u>, <u>Hayes v. Whitman</u>, 264 F.3d 1017, 1025-26 (10th Cir. 2001).   Accordingly, dismissal of this claim under Rule 12(b)(6) is appropriate.

### ii.   Claims One and Three - Cruel and Unusual Punishment.

In Claim One, plaintiff alleges that defendant Mendez violated his constitutional rights by failing to thoroughly investigate his administrative tort claim.  Plaintiff contends that the denial of due process in this regard resulted in cruel and unusual punishment. Plaintiff also alleges in Claim One that defendant Johnson failed to follow the BOP's standard operating procedures regarding segregation, thereby violating his due process rights and subjecting him to cruel and unusual punishment.   In Claim Three, plaintiff alleges that defendant Johnson violated his Eighth Amendment rights by failing to perform his duties in overseeing segregation and by failing to investigate the backgrounds of other inmates who were housed with the plaintiff.  Plaintiff also makes general complaints in

Claim Three about the conditions in segregation.

The due process allegations that defendants failed to correctly follow administrative remedy or operating procedures, fail to state a claim upon which relief can be granted. Procedural requirements alone do not create a substantive liberty or property interest, and mere violation of such procedures is not a constitutional violation. See, generally, Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996) ("there is a fundamental logical flaw in viewing the process as a substantive end in itself"). Also, with regard to plaintiff's claim that defendant Mendez failed to investigate his administrative tort claim fully and completely, the narrowing of prisoner due process protection announced in Sandin leaves the plaintiff without a federally-protected right to have his grievances investigated and resolved. The failure to conduct an investigation at the level of thoroughness that an inmate may desire, through personnel that an inmate may or may not consider appropriate under the circumstances, does not impose an atypical and significant hardship in relation to ordinary incidents of prison life. See, generally, Sandin, 515 U.S. at 484.

Any due process claims against defendants Mendez and Johnson in this regard must be dismissed under Rule 12(b)(6). Since the plaintiff cannot demonstrate he has been deprived of a protected interest that would afford him the constitutional right to more process than he was given, there is no basis for plaintiff's concomitant Eighth Amendment claims of added cruel and unusual punishment arising from the alleged due process violations. Therefore, any such Eighth Amendment claims must also be dismissed.

Plaintiff makes allegations concerning the conditions of segregation. Under the Eighth Amendment, prison officials must provide humane conditions of confinement,

including ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the inmate's safety.  See Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998).   A plaintiff making a claim for unconstitutional conditions of confinement "must allege and prove an objective component and subjective component associated with the deficiency." Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981) and Wilson v. Seiter, 501 U.S. 294, 297 (1991)).

The requirements of the Eighth Amendment do not mandate that prison officials make prisons comfortable. Rhodes, 452 U.S. at 349.  The fact is that jail conditions may even be restrictive or harsh and not violate an inmate's constitutional rights. Id. at 347. To satisfy the objective component, a plaintiff must show that prison officials deprived him of the "'minimal civilized measure of life's necessities.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 347).   Conditions that meet this standard can rise to the level of a constitutional violation if an inmate is subjected to them for an extended period of time. Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998) ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration.").  The alleged deprivation must cause the inmate objectively serious harm. See Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996).

To satisfy the subjective component of claims for unconstitutional conditions of confinement, the plaintiff must demonstrate that the prison officials acted with "'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 300-02).  In other words, "[i]t is not enough to establish that the official should have

known of the risk of harm." Barney, 143 F.3d at 1310.  Rather, the official must know of

and disregard an excessive risk to inmate health or safety.  This standard is met by

demonstrating that the official was "aware of facts from which the inference could be drawn

that substantial risk of serious harm exists, and [that] he . . . [drew] the inference." Farmer,

511 U.S. at 837.


### i.      Objective component.

Plaintiff has made conclusory allegations in his Amended Complaint concerning

the deprivation of arguable necessities of life while in segregation regarding such things

as overcrowding, unsanitary living conditions, lack of access to institutional employment,

higher education, visitation, commissary, exercise, the law library, wellness programs,

religious practices, drug and alcohol education, and restriction of regular freedom of

movement.  Conclusory allegations without supporting facts are insufficient to state a claim

on which relief can be based, and the court may not construct a legal theory for the plaintiff

that assumes facts which have not been pled.  See Dunn, 880 F.2d at 1197; see, also,

Hall, 935 F.2d at 1109-10, 1113.

Additionally, conditions of overcrowding, such as double celling, when considered

alone, are not "sufficiently serious" to establish a constitutional violation. See Rhodes, 452

U.S. 348-49.  Lack of exercise must be extreme and prolonged, and threaten an inmate's

health, before such a deprivation rises to the level of a constitutional violation. See Bailey

v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987) (even one hour a week of exercise,

although restrictive, does not rise to the level of a constitutional violation).  "Prisoners have

no constitutional right to educational or vocational opportunities during incarceration."

Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992); see, also, Templeman v. Gunter,

16 F.3d 367, 370 (10th Cir. 1994).  Neither prisoners nor their visitors have a constitutional

right to unfettered visitation.  See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460

(1989).

 

As to the denial of access to the law library, to state a cognizable claim under Lewis

v. Casey, 518 U.S. 343 (1996), plaintiff must demonstrate an actual injury that hindered

his effort to pursue a nonfrivolous legal claim.  See id. at 351-53.  There are no well-pled

facts or facts from which it can be inferred that plaintiff's ability to litigate this claim or any

others have been diminished as a result of the denial of access.   To the extent that

conditions of confinement are restrictive and even harsh, they are part of the penalty that

criminal offenders pay for their social wrongs.  Rhodes, 452 U.S. at 347.  In short, plaintiff

has failed to allege an injury with regard to any of the conditions of his confinement that

he challenges which would give rise to a claim of constitutional magnitude and therefore,

the objective component of plaintiff's claim is lacking.

### ii.      Subjective component.

Plaintiff has failed to allege any well-pled facts or facts from which it can be inferred

to show the "culpable state of mind" necessary to satisfy the subjective component

contemplated by Supreme Court precedent with regard to an Eighth Amendment violation based on the conditions of his confinement.  Accordingly, plaintiff's claims fail with regard to the subjective prong of the standard he must meet in this regard.

### iii.    Conclusion.

Plaintiff has failed to allege facts to demonstrate that the conditions of his confinement resulted in a sufficiently serious deprivation of minimal civilized measures of life's necessities or that the defendants knew of such shortcomings and disregarded them. Accordingly, the plaintiff has failed to state an Eighth Amendment violation, and his claim should be dismissed.

### F.    Qualified Immunity.

Public officials performing discretionary functions are accorded qualified immunity from liability.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In order for officials to lose their qualified immunity, their conduct must violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Id.  Accordingly, the individual defendants are entitled to qualified immunity if the plaintiff's Amended Complaint fails to demonstrate a claim for violation of a constitutional right.

Even viewing the facts of the Amended Complaint as true, plaintiff has failed to state a claim for violation of a constitutionally protected right, and therefore, the defendants are entitled to qualified immunity with regard to these claims.  See Siegert v. Gilley, 500 U.S. 226, 233 (1991) (failure to make out a violation of a clearly established constitutional right

is a failure to satisfy necessary threshold inquiry in determination of qualified immunity claim).  In this regard, plaintiff's claims fail as a matter of law.  Therefore, allowing any opportunity for amendment of the claims would be futile.  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (refusing leave to amend is justified upon a showing of futility of amendment).

## CONCLUSION

It is hereby **ORDERED** that plaintiff's Motion For Exclusion [Filed April 28, 2005; Docket #81] is **DENIED**.

Based on the foregoing, and the pleadings on file herein, it is hereby **RECOMMENDED** that the defendants' Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(1) [Filed October 20, 2004; Docket #55] and Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6) [Filed October 20, 2004; Docket #58] be **GRANTED** in part and **DENIED** in part as set forth above, resulting in the dismissal of this action in its entirety and against all defendants.  It is further **RECOMMENDED** that plaintiff's Claim One, Claim Three, and the allegations of a due process violation under Claim Two be dismissed, in their entirety, with prejudice.  It is also **RECOMMENDED** that plaintiff's Claim Two, alleging a First Amendment violation of plaintiff's free exercise of religion rights, be dismissed without prejudice based upon a lack of jurisdiction.

Finally, it is **RECOMMENDED** that this action be dismissed *sua sponte* as against defendant Lepert under the same analysis and conclusions demonstrated for dismissal against all other defendants.

DATED at Denver, Colorado, this 11th day of August, 2005.

BY THE COURT:


s/O. Edward Schlatter
O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).